# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **In Re**<br><br>TARA HOFFMAN,<br><br>                      **Debtor.** | **Bankruptcy Case<br>No. 10-41189-JDP** |
| R. SAM HOPKINS, TRUSTEE,<br><br>                      **Plaintiff,**<br>vs.<br><br>TRENT POWELL,<br><br>                      **Defendant.** | **Adv. Proceeding No. 10-8076** |

## MEMORANDUM OF DECISION

**Appearances:**

    Jim Spinner, SERVICE & SPINNER, Pocatello, Idaho, Attorney for Plaintiff.

    Trent Powell, Pro Se Defendant.

MEMORANDUM OF DECISION - 1

## Introduction

The chapter 7[1] trustee R. Sam Hopkins ("Trustee") sought turnover of a camping trailer ("Trailer") from debtor Tara Hoffman ("Debtor"), but was thwarted when another person, Trent Powell ("Powell"), asserted an interest in, and had possession of, the Trailer. Trustee then commenced an adversary proceeding against Powell to recover the Trailer, and served him with a summons and adversary complaint by both regular and certified mail. Powell retrieved the certified mail service from the post office nineteen days after the summons was issued by the Court, and did not respond to the complaint for an additional twenty days. In the meantime, with no timely response from Powell, Trustee sought and obtained a default judgment ordering Powell to surrender the Trailer to Trustee. Powell has submitted a motion to set aside the default judgment,

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 2

asserting that he had thirty days from the receipt of the summons to answer the complaint, and that entry of the default judgment was, therefore, premature.

The Court conducted a hearing on Powell's motion on November 23, 2010, and took the issues under advisement. The Court has considered the record and submissions, the arguments of the parties, and applicable law. This Memorandum constitutes the Court's findings of fact and conclusions of law, and resolves this contest. Fed. R. Bankr. P. 7052, 9014.

**Facts**

Debtor filed for chapter 7 bankruptcy on July 5, 2010. Bk. Docket No. 1. Among Debtor's scheduled property, she listed the Trailer.[2] Bk. Docket No. 3, Schedule B. Debtor did not, however, claim the Trailer as exempt. *See id.*, Schedule C. At the time that Debtor filed for bankruptcy,

---

[2] This same Trailer, and Debtor's ownership of the Trailer, were the subject of *Hopkins v. Hoffman* (*In re Bristol*), 09.4 I.B.C.R. 124 (Bankr. D. Idaho 2009). In that decision, it was determined that Debtor was the owner of, and had paid reasonably equivalent value for, the Trailer in 2007. *In re Bristol*, 09.4 I.B.C.R. at 126.

MEMORANDUM OF DECISION - 3

she was the only owner listed on the Trailer's certificate of title issued by the Idaho Transportation Department. Adv. Docket No. 21, Ex. A.

On August 19, 2010, Trustee filed a motion for an order requiring Debtor to turn over the Trailer. Bk. Docket No. 19. Powell filed an objection to Trustee's motion, asserting he had "a community interest in the [Trailer] as it was purchased by [him] during the marriage of the parties and [he] should be entitled to his interest in that property."[3] Bk. Docket No. 23. The Court conducted a hearing on Trustee's motion on August 25, 2010, and determined that, because ownership was disputed, the Court would not order turnover at that time. *See* Bk. Docket Nos. 25, 26.

Predictably, on September 1, 2010, Trustee filed an adversary

---

[3] The Court notes that all of the evidence submitted to the Court in *In re Bristol*, found in the Idaho Transportation Department's records, or in the record in this case indicates that Debtor, not Powell, purchased the Trailer. Moreover, the Court has not been provided with any documentation or other evidence to show that Powell and Debtor were married when Debtor purchased the Trailer.

MEMORANDUM OF DECISION - 4

proceeding to recover the trailer from Powell. Adv. Docket No. 1.[4] The Court issued a summons in the adversary proceeding on September 2, 2010. Adv. Docket No. 5. The following instructions appeared on the face of that summons:

> YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons . . . .

*Id.* (capitalization in original). The summons also recited, in large, bold print, that it had been "ISSUED" by the Clerk "on Sep 02, 2010 4:46 pm." *Id.* As reflected in his certificate of service, Trustee's counsel mailed copies of the summons and complaint to Powell on September 3, 2010, by both regular and certified mail. Adv. Docket No. 9.

At the hearing on his motion, Powell stated that he was in California during the first part of September 2010, but that he arranged for someone

---

[4] While not appearing in the hearing minutes, the Court recalls advising Powell at that hearing that, in light of the Court's ruling, Trustee would very likely sue Powell to recover the Trailer.

MEMORANDUM OF DECISION - 5

to check his mail while gone.  When Powell returned to his residence in Pocatello, he found a notice that the United States Postal Service had attempted to deliver an item of certified mail.  *Id.*  The certified mail item, containing the summons and complaint, were retrieved by Powell on September 22, 2010.  Adv. Docket No. 17.

On October 6, 2010, Trustee moved for default judgment based on Powell's lack of response to the complaint by October 4, 2010.[5]  Adv. Docket No. 8.  A default judgment was entered by the Court in favor of Trustee on October 7, 2010, which ordered Powell to surrender the Trailer to Trustee, or, in the alternative, authorized Trustee to seek entry of a money judgment against Powell for the value of the Trailer if not surrendered.  Adv. Docket No. 12.

Powell filed an answer to Trustee's adversary complaint on October 12, 2010.  Adv. Docket No. 15.  The Clerk advised Powell in an October 15,

---

[5] Thirty days from summons issuance would have been October 3, 2010, a Sunday.  Because the last day of the period was a Sunday, the period continued to run until the end of the next day.  *See* Rule 9006.

MEMORANDUM OF DECISION - 6

2010, letter that, while the answer had been filed, unless Powell filed a motion to set it aside, the default judgment was effective. Adv. Docket. No. 16. Powell filed his motion on October 28, 2010. Adv. Docket No. 17.

## Discussion

1.  <u>The default judgment was properly entered.</u>

The time allowed for a defendant's response to an adversary complaint is governed by Bankruptcy Rule 7012, which states:

> If a complaint is duly served, the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court.

Rule 7012(a). The language contained in form summonses issued by the Clerk, and appearing in the summons in this action, repeats the Rule's requirements and instructs that an answer must be filed and served "within 30 days after the date of issuance of this summons." *See* Adv. Docket No. 5.

MEMORANDUM OF DECISION - 7

A summons is issued by the Clerk. Civil Rule 4(b).[6] Once the Clerk has issued a summons, it is returned to the plaintiff, who is responsible to timely serve the summons and a copy of the complaint on the defendant. *Id.* In other words, issuance of a summons is a completely separate event from service of the summons. *Compare* Civil Rule 4(b) ("[T]he clerk must sign, seal, and issue [the summons] . . . . "), *with* Civil Rule 4(c) ("The plaintiff is responsible for having the summons and complaint served . . . ."). As a result, while the date of service may vary due to the allowance in the Bankruptcy Rules that it occur by "deposit[ing] [the summons and complaint] in the mail within 14 days after the summons is issued," the "issuance" of a summons occurs on a fixed date: when the Clerk signs, seals, and returns the summons to the plaintiff for service on the defendant. *See* Rule 7004(e); Civil Rule 4(b).

In this action, the summons was issued by the Clerk on September 2,

---

[6] Rule 7004(a) indicates that, with limited exceptions, Federal Rule of Civil Procedure 4 applies to summons in bankruptcy cases.

2010. Adv. Docket No. 5. As recited on the summons' face, to be timely, any answer from Powell was due on October 4, 2010. No answer was received by that time, and, upon a showing by affidavit that Powell had not timely answered or otherwise defended against Trustee's complaint, entry of a clerk's default, and thereafter, a default judgment was appropriate. Civil Rule 55(a)[7] (stating that, absent a timely response, "the clerk *must* enter the party's default") (emphasis added); Civil Rule 55(b)(2) (providing that the court may entered a default judgment).

2.      <u>Setting aside default judgment</u>.

While Powell's motion to set aside the default judgment does not cite any legal basis for the Court to do so, the Bankruptcy Rules governing relief from a judgment or order are Rule 7055 and 9024. Civil Rule 55(c), incorporated by Rule 7055, provides that a default may be set aside for "good cause," and a default judgment may be set aside "under [Civil] Rule

---

[7] Civil Rule 55 is applicable through Rule 7055.

60(b). Rule 9024, which incorporates Federal Rule of Civil Procedure 60 ("Civil Rule 60") in bankruptcy cases, in turn provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . . .

Civil Rule 60(b)(1). In this context, this is a flexible standard, under which the Court must employ discretion and consider the relevant circumstances surrounding Powell's omission to answer before the deadline. *See In re Wilson*, 349 B.R. 831, 834–35 (Bankr. D. Idaho 2006) (citing *Pincay v. Andrews*, 389 F.3d 853, 856, 860 (9th Cir. 2004)). At the same time, the Court should be mindful of a general policy that, if possible, an adversary proceeding should be decided on the merits and requests for vacation should be liberally granted. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695–96 (9th Cir. 2001).

In considering a Civil Rule 60(b) request for relief from a default

MEMORANDUM OF DECISION - 10

judgment, the courts have focused on three factors: "(1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff." *Morris v. Peralta* (*In re Peralta*), 317 B.R. 381, 388 (9th Cir. BAP 2004) (quoting *TCI*, 244 F.3d at 696). Powell, as the party seeking relief from the default judgment, has the burden of demonstrating that these factors favor vacating the judgment. *In re Wilson*, 349 B.R. at 835.

    A.    <u>Powell's conduct leading to the default was not culpable</u>.

Culpable conduct includes the Civil Rule 60(b)(1) concept of excusable neglect. *See TCI*, 244 F.3d at 696; *In re Peralta*, 317 B.R. at 388. If a party's neglect is excusable, they are not culpable. *See In re Peralta*, 317 B.R. at 388–89. Neglect, in failing to timely answer a complaint, would mean that a late response was caused by "inadvertence, mistake, or carelessness." *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 394 (1993). In determining whether a defendant's neglect is excusable, a court must make an equitable determination, considering "the

MEMORANDUM OF DECISION - 11

length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the [defendant], and whether the [defendant] acted in good faith." *In re Peralta*, 317 B.R. 388 (quoting *Pioneer Inv. Servs. Co.*, 507 U.S. at 395). If failure to answer was for understandable reasons, and not intended to obtain strategic advantage in litigation, a defendant is, generally, not culpable. *TCI*, 244 F.3d at 697–98. This is so even if the defendant knew that a response was due at a certain time. *Id.* On the other hand, if a defendant's failure to respond appears to be devious, deliberate, willful, or in bad faith, such conduct is, generally, culpable. *See id.* at 698.

In his motion and comments at the hearing, Powell, an unrepresented defendant, indicates that he failed to timely respond to Trustee's complaint because he was out of town without access to his mail, and also due to his mistaken belief that he had thirty days from the date he

MEMORANDUM OF DECISION - 12

received the summons and complaint in which to respond.  The Court believes that Powell's reliance on his receipt of service as the triggering event for calculating his response deadline was likely a result of his lack of sophistication in litigation, or, in other words, his inadvertence or carelessness.  Simply put, while the language on the face of the summons clearly indicates that the summons was "issued" on September 2, 2010, and that an answer was due "within 30 days after the date of issuance," the Court acknowledges that Powell's omission to timely answer was likely the result of neglect, and not a knowing or strategic decision.

However, the Court must also analyze whether Powell's neglect is excusable.  Powell's answer was eight days late, and would likely not have a significant impact on the adversary proceeding.  At the same time, the reason for the delay was completely within Powell's control.  Had Powell read the language on the summons more carefully, inquired of the Court, or otherwise educated himself about the extent of his responsibilities in

MEMORANDUM OF DECISION - 13

responding, he had sufficient time between receiving service on September 22, 2010, and the October 4, 2010, response deadline to prepare and file an answer.

The Court also recognizes, however, that Powell was likely acting in good faith. It seems understandable that a pro se defendant, acting under an incorrectly assumed deadline, would omit responding by the deadline imposed by the Bankruptcy Rules.[8] The Court does not believe that Powell intended to obtain an advantage in the litigation, or was acting deviously, deliberately, willfully, or in bad faith in answering the complaint on October 12, 2010, rather than by October 4, 2010.

Therefore, in light of the policy of liberally granting requests for

---

[8] This is not to say that unrepresented laymen are always to be held to a different standard than attorneys, and those represented by attorneys. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure."). In determining whether Powell's neglect was excusable, the Court is simply looking at whether Powell's reason for failing to respond by the deadline was, from an equitable perspective, in good faith.

vacation of default judgment so that proceedings may be determined on their merits, the Court finds that Powell's neglect is excusable, and his conduct was not culpable.

B.     Little prejudice to Trustee.

Another factor in considering vacation of a default judgment is whether the plaintiff would be prejudiced by the vacation. Here, the plaintiff is Trustee. If the default judgment were vacated, a formal trial would likely be required in this adversary proceeding, which would delay Trustee's ability to recover and liquidate the Trailer. It is also likely, however, that the Trailer would not depreciate in value much during the time required to resolve the issues, and that the Trustee would not be greatly prejudiced by a judgment vacation.

C.     Powell does not have a meritorious defense.

However, even though Powell's neglect to timely answer the complaint was excusable, and there would be little prejudice suffered by

Trustee if Powell's motion is granted, to obtain relief from the default judgment, Powell must also "present specific facts that would constitute a defense." *TCI*, 244 F.3d at 700. Powell has not done so.

Upon the commencement of a bankruptcy case, a bankruptcy estate is created which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1). A bankruptcy estate also includes "all interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is under the sole, equal, or joint management and control of the debtor." § 541(a)(2)(A). An entity in possession of property of a bankruptcy estate must "deliver to the trustee, and account for, such property or value of such property, unless such property if of inconsequential value or benefit to the estate." § 542(a). State law determines the nature and extent of a debtor's interest in property. *In re Woods*, 08.2 I.B.C.R. 61, 62 (Bankr. D. Idaho 2008) (citing *Butner v. United States*, 400 U.S. 47, 55 (1979)).

MEMORANDUM OF DECISION - 16

In Idaho, ownership of vehicles such as the Trailer is generally governed by Title 49 of the Idaho Code. Idaho Code § 49-503 states:

> [N]o person acquiring a vehicle from the owner . . . shall acquire any right, title, claim or interest in or to the vehicle until he has issued to him a certificate of title to that vehicle . . . .

In other words, a person does not acquire a cognizable ownership interest in a vehicle, enforceable against others, until a certificate of title indicates that he has such an interest. *See* Idaho Code § 49-503. At the same time "[t]he issuance of [a] certificate of title to [one spouse] does not conclusively establish the vehicle as [that spouse's] separate property." *Farmers Ins. Exchange v. Wendler*, 368 P.2d 933, 935 (Idaho 1962). It was not the intent of the Motor Vehicle Act to define community property rights, and a spouse may have an interest in a vehicle as community property even if not listed as an owner on the title certificate. *See Herrick v. Leuzinger*, 900 P.2d 201, 208 (Idaho Ct. App. 1995) (citing *Stranger v.*

MEMORANDUM OF DECISION - 17

*Stranger*, 571 P.2d 1126 (Idaho 1970); *Wendler*, 368 P.2d at 935; *Bowman v. Bowman*, 240 P.2d 487, 489 (1952)).

Based on the limited information provided by Powell, the Court cannot conclude that Powell holds any interest in the Trailer. Debtor's name is the only name listed on the Trailer's title certificate. While Powell may have a community interest in the Trailer, he has not provided the Court with any evidence documenting such interest other than his mere assertions that he was married to Debtor at the time that she acquired the Trailer. For example, he has not submitted evidence showing, nor has he even asserted, the dates of his marriage to Debtor or their separation, from which the Court could begin to determine the existence of a community interest.

More importantly, even assuming Powell has a community properly interest in the Trailer, it would still be included in Debtor's bankruptcy estate, and Trustee would be entitled to possession of the Trailer. Powell

MEMORANDUM OF DECISION - 18

cannot prevent the Trailer's turnover simply because of a community interest. *See* §§ 521(a)(4), 542(a). Because Powell would not be able to prevent the Trailer's turnover to Trustee, Powell has not demonstrated that he has a meritorious defense to Trustee's complaint. Simply put, there would be no purpose served by vacating this default judgment if Powell has no defense to the complaint on the merits.

## Conclusion

Absent a potential meritorious defense by Powell, little would be gained by vacating Trustee's default judgment. Put another way, setting aside the default judgment to conduct a trial on the merits would only delay the inevitable: a finding that Trustee is entitled to possession of the Trailer. Since turnover has already been ordered through the default judgment, the Court sees no utility in vacating that judgment.

Powell's motion to set aside default judgment will be denied in a separate order.

MEMORANDUM OF DECISION - 19

Dated: December 2, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 20